**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PENNSYLVANIA GENERAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )     No. 09 C 4563 ) |
| HUNTER ALLIANCE CORPORATION, JOSEPH P. CACCIATORE, VICTOR J. CACCIATORE, and MARIA CACCIATORE, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Before the court are defendants' motions to dismiss the complaint. For the following reasons, the motions are denied.

**BACKGROUND**

This is a diversity action brought by plaintiff Pennsylvania General Insurance Company ("Pennsylvania General"), a Pennsylvania company with a principal place of business in Massachusetts, against defendants Hunter Alliance Corporation ("Hunter"), an Illinois corporation with a principal place of business in Illinois, and Joseph P. Cacciatore, Victor J. Cacciatore, and Maria Cacciatore, who are all Illinois citizens. The Second Amended Complaint contains a single count for indemnity on the Agreement of Indemnity (the "Indemnity Agreement") that plaintiff and defendants

entered into on March 17, 2000.[1]   The Indemnity Agreement was executed in connection with two surety bonds (the "Bonds") that Pennsylvania General[2] issued on behalf of Hunter.   The Bonds secured Hunter's obligations to perform residential construction work pursuant to certain construction contracts and to pay for the required labor and materials.

The complaint alleges that Hunter and Pennsylvania General were sued in Cook County Circuit Court for Hunter's breach of the construction contracts.  A bench trial was conducted, and the court found that Hunter had breached the contracts.   On December 17, 2009, a final judgment was entered against Hunter and Pennsylvania General in the amount of $1,500,331.   Hunter and Pennsylvania General appealed, but no supersedeas bond was posted to stay execution of the judgment, and the instant defendants failed to post any collateral with Pennsylvania General.   The prevailing parties made a demand for immediate payment of the judgment, and in order to avoid the accrual of additional post-judgment interest, on January 27, 2010, Pennsylvania General made a payment of $1,589,954.60 to the prevailing parties to satisfy the judgment,

---

[1]   The instant motions were directed to the Amended Complaint, but we will construe them as applying to the Second Amended Complaint.  On August 4, 2010, plaintiff filed the Second Amended Complaint in response to the court's request that it amend the complaint in order to correct its citizenship allegations (the error is discussed below).

[2]   At the time, Pennsylvania General was known as "General Accident Insurance Company."

which included attorney's fees, court costs, expenses, and post-judgment interest.

Pennsylvania General claims that the Indemnity Agreement requires defendants to indemnify it for all losses incurred in connection with the bonds and in enforcing the terms of the Indemnity Agreement, including costs and attorneys' fees, and that defendants have breached the Indemnity Agreement by failing to indemnify it and hold it harmless from the judgment. Pennsylvania General seeks a judgment against Hunter, Joseph P. Cacciatore, and Maria Cacciatore, jointly and severally, in the amount of $1,588,474.90; a judgment against Victor J. Cacciatore, jointly and severally, in the amount of $714,473.44;[3] and a judgment "in an additional amount sufficient to secure Pennsylvania General from any losses." (Second Am. Compl., Prayer for Relief.)

Defendants move to dismiss the complaint.[4]

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). Under federal notice-pleading standards, a complaint need not contain "detailed

---

[3] The Indemnity Agreement, which is attached to the Second Amended Complaint, states: "The joint, several, and personal liability of Victor J. Cacciatore shall be limited to . . . $714,473.44." (Second Am. Compl., Ex. B.)

[4] There are three motions to dismiss: one filed by Hunter, one filed by Joseph P. Cacciatore, and one filed by Victor J. Cacciatore and Maria Cacciatore.

factual allegations," but it must have more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obligated to provide the factual grounds of his entitlement to relief, and a "formulaic recitation" of the elements of a claim will not do. Id. The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). When evaluating a motion to dismiss a complaint, we must accept as true all factual allegations in the complaint, but not its legal conclusions. Id. at 1949-50.

Defendants' first argument is that plaintiff fails to plead facts sufficient for us to draw the inference that plaintiff was the surety that executed the surety bonds. Defendants make much of the fact that the bonds were issued by General Accident Insurance Company, a Pennsylvania corporation, while the instant plaintiff is Pennyslvania General, which originally alleged that it was incorporated in Massachusetts. Plaintiff explains that it was formerly known as General Accident Insurance Company, and that it is actually incorporated in Pennsylvania. It has amended the

complaint to correct its allegation regarding its state of incorporation; it now alleges that it is a Pennsylvania corporation. Moreover, the Indemnity Agreement refers to Pennsylvania General as the Surety and as one of the "General Accident Insurance Companies" and states that the agreement "shall . . . cover any and all bonds of any kind of nature, issued provided or procured . . . by . . . General Accident Insurance Company . . . and any of [its] subsidiary, associated, or affiliated companies, [its] successors and assigns." (Second Am. Compl., Ex. B.) Accordingly, plaintiff sufficiently pleads that it is entitled to indemnification pursuant to the Indemnity Agreement.

The Indemnity Agreement provides that the Principals--Hunter and the Cacciatores--shall indemnify Pennsylvania General "from and against any and all liability for losses" that Pennsylvania General "may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Principals or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement." (Second Am. Compl., Ex. B.)[5] Defendants contend that the complaint "does not expressly plead" that plaintiffs incurred losses due to any of

---

[5]/ The Indemnity Agreement further states: "Payment by reason of the aforesaid causes shall be made to the Surety by the Principals and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor." (Second Am. Compl., Ex. B.)

these specific causes and that none of the causes is "readily apparent." (Hunter's Mem. in Supp. of Mot. at 5; Victor J. Cacciatore and Maria Cacciatore's Mem. in Supp. of Mot. at 5; Joseph Cacciatore's Mem. in Supp. of Mot. at 5.) The argument is frivolous. The Indemnity Agreement contains a broad indemnification clause for any loss incurred by reason of having executed the surety bonds, and plaintiff alleges that it incurred losses on the bonds. In addition, plaintiff alleges that it incurred losses by reason of defendants' breach of the Indemnity Agreement and in enforcing the Indemnity Agreement. There is no problem of notice; the basis for plaintiff's claim is quite clear.

Hunter raises the additional argument that alternatively, res judicata (claim preclusion) bars plaintiff's indemnification claim. Res judicata can be raised by a Rule 12(b)(6) motion when the basis for the defense is disclosed in the complaint. Muhammad v. Oliver, 547 F.3d 874, 878 (7th Cir. 2008). Hunter asserts that Pennsylvania General could have brought its indemnification claim as a cross-claim in the state-court suit and that the judgment entered by the Cook County Circuit Court for Hunter's breach of the construction contracts bars the instant action. We will refer to the state-court suit as the "Construction Litigation." Because an Illinois state court issued the judgment in the Construction Litigation, we look to Illinois law to determine whether res

judicata bars Pennsylvania General's claim.  See Whitaker v. Ameritech Corp., 129 F.3d 952, 955-56 (7th Cir. 1997).

Under Illinois law,

[t]he doctrine of res judicata provides that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, and constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. Res judicata serves as a bar to litigation of all issues that were actually decided and of all issues that could have been raised and determined in the earlier action.
In Illinois, counterclaims are generally permissive rather than mandatory. Therefore, a defendant generally may raise his or her claim against the plaintiff by way of a counterclaim or by way of a separate action. Yet, res judicata bars the separate action if successful prosecution of that action would in effect nullify the judgment entered in the prior litigation. More particularly, if the defendant's claim involves the same operative facts as the plaintiff's claim, res judicata may bar the defendant from raising his or her claim in a subsequent action.

Fuller Family Holdings, LLC v. Northern Trust Co., 863 N.E.2d 743, 755-56 (Ill. App. Ct. 2007) (citations omitted).  Three requirements must be satisfied before res judicata precludes a claim: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 889 (Ill. 1998).  The first and third requirements appear to be satisfied here.  A final judgment was entered in the Construction Litigation, and Hunter and Pennsylvania General were

defendants in that proceeding.  The second requirement, however, merits more discussion.

In determining whether there is an identity of cause of action, we apply Illinois's "transactional" test and ask whether the two claims "arise from a single group of operative facts, regardless of whether they assert different theories of relief." See River Park, 703 N.E.2d at 893.  We must consider the facts that give rise to plaintiff's claim for relief, not merely the evidence that supported the judgment in the first action.

We find that the two lawsuits do not involve the same cause of action because they are based on different sets of operative facts. The operative facts underlying the Construction Litigation involved the execution of the construction contracts, Hunter's obligations under those contracts, and its breach of the contracts by failing to monitor, schedule, and supervise the construction work on condominium developments.  The operative facts underlying the instant indemnification claim involve the execution of the Indemnity Agreement and defendants' alleged breach of that contract by failing to pay the judgment entered in the Construction Litigation.  Because this action and the Construction Litigation were not predicated on the same set of operative facts, res judicata does not bar Pennsylvania General's claim for indemnification.  Hunter cites Peregrine Financial Group, Inc. v. Trademaven, L.L.C., 909 N.E.2d 837 (Ill. App. Ct. 2009), for the

proposition that the Illinois Appellate Court "has addressed similar facts and held that res judicata bars relief," Reply at 6, but <u>Peregrine</u> is distinguishable because the two lawsuits there arose out of the same agreement, a single transaction.

### **CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss the complaint [45, 46, 51] are denied.

The court has under advisement plaintiff's motion for summary judgment and defendants' motion to strike an affidavit. We previously asked defendants to file a Rule 56.1 statement of facts in response to the motion, but did not require response briefs. Defendants are now directed to file responses (or a joint response) to plaintiff's motion for summary judgment by September 14, 2010. Plaintiff need not file a reply brief unless it is requested by the court.


DATE:        August 31, 2010



ENTER:    _____

John F. Grady, United States District Judge